Jon G. Shadinger Jr, Esq.
Shadinger Law, LLC
160 Cumberland Ave
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHARLENE CHELI, an Individual, | : |
| Plaintiff, | : |
| vs. | : Case No. 1:19-cv-19025 |
| LARRY'S II DEVELOPMENT, LLC, a New Jersey Limited Liability Company, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, CHARLENE CHELI, an individual, on her behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendant, LARRY'S II DEVELOPMENT, LLC, a New Jersey Limited Liability Company, (hereinafter sometimes referred to as "Defendant"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181,** *et seq.*

1. Plaintiff, CHARLENE CHELI, is an individual residing at 1380 Washington Avenue, Vineland, New Jersey 08361, in the County of Cumberland.

2. Defendant, LARRY'S II DEVELOPMENT, LLC, holds title to the subject property and owns or operates a place of public accommodation alleged by the Plaintiff to be operating in violation of Title III of the ADA.

3. Defendant's property, also known as Vineland Commons Shopping Center, is located at 907 North Main Road, Vineland, NJ 08360, in the County of Cumberland, ("Subject Property" or "Vineland Commons").

4. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, CHARLENE CHELI, is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff has been diagnosed with Facioscapulohumeral Muscular Dystrophy, which has resulted in her inability to ambulate on her own. Ms. Cheli is wheelchair bound.

7. Ms. Cheli has visited the property that forms the basis of this lawsuit on numerous occasions, with the last such visit occurring in October 2019. Ms. Cheli plans to return to the Subject Property in the very near future to avail herself of the goods and services offered to the public at the property.

8. Ms. Cheli has encountered architectural barriers at the Subject Property. The

barriers to access at the property have endangered her safety.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Vineland Commons Shopping Center, and is located at 907 North Main Rd, Vineland, NJ 08360, in the County of Cumberland.

10. Ms. Cheli has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint.

11. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Ms. Cheli desires to visit the Subject Property, not only to avail herself of the goods and services available at the property but to assure herself that the Subject Property is in full compliance with the ADA; so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Defendant's property, Vineland Commons Shopping

Center, has shown that violations of the ADA exist.  The following are violations that CHARLENE CHELI has personally encountered during her visits to the Subject Property:

**Parking and Exterior Accessible Route**

a. Parking spaces designated accessible throughout Vineland Commons Shopping Center are not maintained; contain slopes beyond limits within parking spaces/aisles and lack compliant accessible access aisles, in violation of Sections 402 and 502 of the 2010 ADA Standards for Accessible Design.  These conditions prevent Ms. Cheli from accessing her vehicle in a safe manner. On certain occasions she would park away from the plaza to ensure she could access her vehicle.

b. Vineland Commons fails to provide the required number of compliant accessible parking spaces, in violation of Section 502 of the 2010 ADA Standards for Accessible Design. On certain occasions Ms. Cheli is forced to park her van away from the shopping center, in open areas, to ensure that she can enter and exit her vehicle.

c. Curb ramps provided at the Subject Property, which are used to access tenant spaces, are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps which are provided contain excessive sloping, abrupt changes of level and lack level landings, in violation of Sections 402 and 406 of the 2010 ADA Standards for Accessible Design. Ms. Cheli is forced to deal with excessive sloping and a lack of maneuvering clearance at the top of the curb ramps. These conditions present Ms. Cheli with the danger of tipping over and falling from her wheelchair.

d. The exterior accessible route from accessible parking spaces at Vineland Commons fails to provide a safe, accessible route to ramps or curb ramps, in violation of Section 402 of the 2010 ADA Standards for Accessible Design.  Ms. Cheli is forced to travel through excessive slopes

in order to access the sidewalk.

  e. Vineland Commons provides a sidewalk that contains cross-slopes greater than 2.0% and abrupt changes of level greater than ¼ inch, in violation of Section 402 of the 2010 ADA Standards for Accessible Design. Ms. Cheli is forced to maneuver away from slopes and abrupt changes of level; she is unable to travel throughout the center freely and safely.

  f. Vineland Commons Shopping Center fails to provide an accessible route to the adjacent street, sidewalk or bus stop, in violation of Section 206.2.1 of the 2010 ADA Standards for Accessible Design. The lack of an accessible route to the sidewalk limits Ms. Cheli's options for transportation.

**Access to Goods and Services**

  g. Payment counters throughout Vineland Commons Shopping Center area mounted beyond the reach of Ms. Cheli, and all those in wheelchairs, in violation of Sections 308 and 904 of the 2010 ADA Standards for Accessible Design. Due to their elevated height, these counters are inaccessible to Ms. Cheli.

  h. Larry's II, Peking Chinese, and Michael's Pizza (restaurants located within Vineland Commons Shopping Center) fail to provide accessible dining tables, in violation of Section 902 of the 2010 ADA Standards for Accessible Design. The lack of accessible tables prevents Ms. Cheli from dining comfortably.

  i. While attempting to enter tenant spaces, Ms. Cheli is impeded by abrupt changes of level at the base and improper slopes, in violation of Section 404 of the 2010 ADA Standards for Accessible Design. Abrupt changes of level present a tipping hazard and can cause damage to Ms. Cheli's wheelchair.

**Restrooms**

  j. Restrooms provided at Vineland Commons Shopping Center including those within

Larry's II and Hair with Flair were reported to be unsafe for use by Ms. Cheli. Further inspection revealed that Ms. Cheli was unable to use the restrooms safely due to a lack of accessibility. Barriers to access include incorrect signage, inaccessible water closets which lack proper controls and a lack of wheelchair maneuvering space, in violation of Section 601 of the 2010 ADA Standards for Accessible Design.

  k. Restrooms at Larry's II and Hair with Flair provide dispensers which are mounted beyond the reach of wheelchair users and are inaccessible to Ms. Cheli, in violation of Section 308 of the 2010 ADA Standards for Accessible Design.

  l. Lavatories located within Larry's II and Hair with Flair lack the proper knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, in violation of Section 606 the 2010 ADA Standards for Accessible Design. Due to this barrier Ms. Cheli is unable to wash her hands before exiting the restroom.

  m. Larry's II and Hair with Flair provide restrooms that contain improper centerlines for the water closets, in violation of Section 604 of the 2010 ADA Standards for Accessible Design. Ms. Cheli is unable to properly access the water closets due to their improper location in relation to fixed objects.

  n. The using of restrooms doors at Larry's II and Hair with Flair is impeded by improper signage and a lack of maneuvering clearance, in violation of Section 404 of the 2010 ADA Standards for Accessible Design. The presence of incorrect signage and a lack of maneuvering space impede Ms. Cheli from easily accessing restroom doors.

  14. Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15. The discriminatory violations described in paragraph 13 are not an exhaustive list of the ADA violations that exist at Defendant's property but are the result of a preliminary inspection. Plaintiff requires thorough inspection of the Defendant's place of public accommodation in order to photograph and measure the architectural barriers which exist at the Subject Property and violate the ADA. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

16. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Considering the balance of hardships between the Plaintiff and the Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

18. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Vineland Commons Shopping Center and make the Subject Property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Subject Property until such time

as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION
*(N.J.S.A. 10:5-12)*

22.    Plaintiff re-alleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

23.    Defendant's facility is a place of public accommodation as defined by N.J.S.A 10:5-5,

(New Jersey Law Against Discrimination).

24. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4.)

25. As set forth above, Defendant has violated the New Jersey Law Against Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities, services and accommodations available at the Vineland Commons Shopping Center.

26. As a result of the aforementioned discrimination, Plaintiff, CHARLENE CHELI has sustained emotional distress, mental anguish, suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff, CHARLENE CHELI respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully submitted,

Dated:   October 16, 2019

/s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID No. 036232017
160 Cumberland Ave
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com
*Attorney for Plaintiff*